THE CITY OF NEW YORK, Plaintiff, *v.* PATRICK J. DUFFY and Another, Defendants.

Supreme Court, New York County, April 12, 1927.

**Municipal corporations — city of New York — contract for public improvement provided that on default city could· complete same in manner prescribed by law — city entitled to refuse offer of surety to complete contract and to readvertise for bids.**

Under a contract of the city of New York for the construction of a public improvement providing that, if the work should be abandoned, the borough president might declare the contract abandoned and should thereupon have the power to contract for the completion of the work in the manner prescribed by law, and if the expense should exceed the amount which would have been payable under the original contract, the contractor should pay the amount of such excess to the city, the city is entitled to refuse the offer of the surety of the contract to complete the work and to thereupon readvertise the contract. Although the city might properly have allowed the surety to finish the work, it was not, under the contract, bound to so do.

ACTION for damages tried by the court without a jury.

*George P. Nicholson, Corporation Counsel [Isaac F. Cohen and Montrose Strasburger* of counsel], for the plaintiff.

*Halsey & O' Keefe [John R. Halsey* of counsel], for the defendant Massachusetts Bonding and Insurance Company.

*Wing & Wing [Arthur K. Wing* of counsel], for the defendant Duffy.

CHURCHILL, J. The city contracted with defendant Duffy for the construction by him of a public improvement. The defendant insurance company was his surety for the performance of the contract. Duffy commenced the work but was unable to complete the job and so notified the city. The city declared the contract abandoned and advised the surety. The surety then offered to complete the work under the contract but the city declined to allow it to do so. The city insisted that it was required to readvertise the contract for public bidding. It did so and the work was completed under the new contract so made at an excess in cost over the original contract price. The city now sues Duffy and his surety to recover the extra cost so incurred together with liquidated damages for delay. The defense is that the city had no right to refuse the offer of the surety to complete the work and hence has no right to recover.

The contract with Duffy provided that if the work should be abandoned the borough president might declare the contract abandoned and should thereupon have the power to contract

for the completion of the contract in the manner prescribed by law, and that if the expense should exceed the amount which would have been payable under the original contract the contractor should pay the amount of such excess to the city.

Section 419 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1922, chap. 661) provides that whenever any work is necessary to be done to complete a particular job it shall be done by contract founded on sealed bids made in compliance with public notices duly advertised — with certain exceptions not now material.

I see no escape from the express provision of the contract which gave the city the right to declare the contract abandoned and thereupon to contract for its completion in the manner prescribed by law. Perhaps the city might properly have allowed the surety to finish the work. But, under the contract, it was not bound to do so. At most, the contract gave the city the right to decide whether it would intrust the completion of the work to the surety, as such, or advertise for bids. It chose the latter course and, so far as appears, there was nothing to prevent the surety from either bidding or procuring a bid to be made on its behalf. In this respect the case is materially different from *Harley* v. *Mapes Reeves Constr. Co.* (33 Misc. 626). There the contract expressly gave the surety the right to complete the work. The same result might perhaps have followed if the contract had been silent on that point. But here the contract expressly provided that the city might follow the course which it has elected to take and the surety, therefore, has no ground for complaint or objection.

Under the stipulation a verdict is directed for plaintiff against defendant Duffy for $37,634.52, with interest from September 9, 1924, and against defendant Massachusetts Bonding and Insurance Company for $22,000, with interest from September 9, 1924, and exceptions are allowed to the respective defendants.